### BANK OF CLINTON v. KONDERT.

(Circuit Court of Appeals, Fifth Circuit. March 31, 1908. Rehearing Denied April 29, 1908.)

#### No. 1,767.

BANKRUPTCY—APPEAL—DECISIONS APPEALABLE.

Under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901. p. 3432], restricting appeals in bankruptcy proceedings to judgments adjudging or refusing to adjudge bankruptcy, granting or denying a discharge, and allowing or rejecting a debt or claim of $500 or over. an appeal will not lie to the Circuit Court of Appeals from a decree of the District Court reversing a referee's judgment requiring a trustee to account to the creditors in specified sums as the rental value of property, of which he permitted the bankrupt to retain use and possession.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Eastern District of Louisiana.

Wm. Winans Wall, for appellant.

John Clegg, Lamar C. Quintero, and T. Jones Cross, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In the bankruptcy of James W. Strong, pending in the District Court for the Eastern District of Louisiana, Oscar Kondert, trustee. filed a provisional account. To this account the Bank of Clinton, claiming to be a creditor, filed an opposition, claiming that the trustee, for permitting the bankrupt to remain in use and possession of a certain sawmill, teams, and wagons without adequate rent, should be charged a rental for the mill of at least $200 per month and for the horses, mules, and wagons $100 per month. The opposition came on to be heard before the referee, who took evidence, and thereupon rendered the following judgment:

"It is therefore ordered that opposition filed herein by the Bank of Clinton shall be maintained, in so far as to require that Oscar Klondert, the trustee of this estate, shall account to the creditors in the sum of $1,400 as rental value of the Clinton Sawmill for a period of seven months from June, 1906, to January, 1907, and in the sum of $700 for the rental value of two teams for the same period of time mentioned, making a sum total to be accounted for by Oscar Kondert to this estate of $2,100. with costs of these hearings.

"Judgment rendered this 25th day of April, 1907, at New Orleans, La. Judgment signed this 7th day of May, 1907.

"[Signed] Wm. A. Bell, Referee."

The trustee, not satisfied with this judgment, on petition for review brought the matter before the district judge, who, after hearing, rendered the following decree:

"In the Matter of J. W. Strong, Bankrupt. No. 903. In Bankruptcy.

"This cause came on at this term to be heard upon the petition of Oscar Kondert, trustee, for a review of the ruling of the referee herein, and was argued and submitted, when the court took time to consider. Upon due consideration whereof, and for the reasons orally assigned, it is ordered, adjudged, and decreed that the said ruling of the referee be, and the same is hereby, reversed.

"Decree entered and signed this 28th day of December, 1907.

"[Signed] Aleck Boarman, Judge."

From this decree the Bank of Clinton sued out this appeal.

Paragraph "a," § 25, of the bankrupt law of 1898 (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), restricts appeals in bankruptcy proceedings in the courts of bankruptcy to the following cases: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of $500 or over. From the above statement of the case, it is apparent that, while the matter involved in this appeal is a proceeding in bankruptcy, it is not by any intendment within any one of the classes in which an appeal is allowed.

Therefore, pretermitting the question as to whether any final decree could have been rendered upon the account filed by the trustee, and also the question as to whether in the case the court has rendered any final decree, the appeal is dismissed.