FERGUSON-McKINNEY DRY GOODS CO. v. J. A. SCRIVEN CO.

(Circuit Court of Appeals, Eighth Circuit.   November 19, 1908.)

No. 2,826.

TRADE-MARKS AND TRADE-NAMES (§ 81*)—UNFAIR COMPETITION—GROUNDS OF ACTION.

   To entitle a party to an injunction against unfair competition, it must appear that defendant at the time of filing the bill is doing, or threatening to do, that which constitutes, or will constitute, an invasion of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complainant's rights; and where the defendant more than two years before the commencement of the suit on notice from complainant of its claim ceased the acts complained of, and thereafter committed no act of unfair competition, complainant is not entitled to either an injunction or an accounting.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 91; Dec. Dig. § 81.*

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Sanborn, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

Samuel S. Watson and George W. Winstead (Walter B. Raymond, on the brief), for appellant.

Arthur v. Briesen (George W. Case, Jr., on the brief), for appellee.

Before SANBORN and VAN DEVANTER, Circuit Judges, and W. H. MUNGER, District Judge.

W. H. MUNGER, District Judge. This case is one similar to those of Rice-Stix Dry Goods Co., and Premium Mfg. Co. v. J. A. Scriven Co. (just decided) 165 Fed. 639. The questions as to the right of complainant to the exclusive use of the elastic buff-colored strip or insertion and trade-mark to the words "elastic seam," were disposed of in those cases and govern as to those questions this case.

The only thing to be considered now is, does the evidence show these defendants to have been guilty of unfair trade? The evidence shows that prior to the year 1903 defendant used cartons and markings which were probably in simulation of complainant's, but since that date the cartons and markings have been entirely dissimilar. In January, 1903, Messrs. Bakewell & Cornwall, counsel for complainant, wrote defendants, calling their attention to the fact that they were violating complainant's rights in the use of the buff-colored strip, the words "elastic seam," and simulating their markings. The president of defendant company immediately called upon Messrs. Bakewell & Cornwall, said they would discontinue those markings, and showed complainant the boxes and markings which they had arranged to use in the future, and since that date the boxes used by defendant, instead of being white, are of a dark color, the markings being entirely dissimilar and disclosing the true maker or manufacturer. Defendants' drawers are stamped in red with the monogram "F. Mc K." and the words "Own Make." Since January, 1903, complainant made no further objection to the markings and boxes of defendant. The only complaint made by complainant since that date was of the use of the buff-colored strip and the words "elastic seam," or words of such import. All the advertisements of defendants offered in evidence plainly show that their drawers are not of complainant's manufacture, except one advertisement of date November, 1900, one of March, 1901, and one of September, 1902. Since those dates all advertisements have clearly indicated the true maker and manufacturer.

April 3, 1905, a few days before this action was commenced, in re-

sponse to a notice from complainant that it had obtained an injunction against parties in the United States Court for the District of South Carolina, enjoining them from the use of the buff-colored strip, defendant wrote complainant that they would thereafter discontinue the use of the buff-colored strip. They tried for a time to use Egyptian cotton bleached white, but finding that the bleaching destroyed in part its elasticity they returned to the use of the natural buff color. However, as complainant is not entitled to the exclusive use of such buff-colored strip, they cannot complain on this account. As all markings of defendant in simulation of complainant, and all acts by defendant indicating that its goods were those of complainant's manufacture, ceased in January, 1903, more than two years before the bringing of this action, we do not think complainant now entitled to the relief asked. To entitle a party to an injunction, it must appear that defendant, at the time of filing the bill, is doing, or threatening to do, that which constitutes, or will constitute, an invasion of complainant's rights. Such does not appear to be the case here. For the same reasons, complainant is not entitled to an accounting. Worcester Brewing Corp. v. Rueter & Co., 157 Fed. 217, 84 C. C. A. 665.

The decree of the Circuit Court is therefore reversed, with directions to dismiss the bill.

SANBORN, Circuit Judge (dissenting). I am unable to concur in the opinion and judgment in this case for the reasons stated in my dissenting opinion in Rice-Stix Dry Goods Company v. J. A. Scriven Company and Premium Manufacturing Company v. J. A. Scriven Company (which is handed down herewith) 165 Fed. 639.