# J. A. SCRIVEN COMPANY *v.* W. H. TOWLES MANU-FACTURING COMPANY.

TRADEMARKS; STARE DECISIS.

Where, on opposition being made to an application for registration of a mark as a trademark, the application was denied by the Commissioner of Patents on the ground that to register the mark would prolong the monopoly of an expired patent held by the applicant, and it appeared that other Federal courts than this had, on the same ground, denied the same party injunctions restraining other parties from using the mark as a trademark, this court *affirmed* the decision of the Commissioner. (Citing *Brill* v. *Washington R. & Electric Co.* 30 App. D. C. 255.)

No. 509. Patent Appeals. Submitted November 12, 1908. Decided January 5, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to an application for the registration of a trademark.                        *Affirmed.*

The facts are stated in the opinion.

*Mr. Arthur v. Briesen* and *Mr. George W. Case, Jr.,* for the appellant.

*Messrs. Steuart & Steuart* for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

This case comes here on an appeal from concurrent decisions of the Patent Office sustaining the opposition of appellees, the W. H. Towles Manufacturing Company, Morris & Company, and North Brothers & Strauss, to the registration as a trademark by appellant, J. A. Scriven Company, of a pictorial representation of a buff-colored strip of knitted material interposed lengthwise of a pair of drawers made of woven fabric.

In 1881 a patent was issued to Charles A. Brown covering, or, at least, purporting to cover, an inserted strip of knitted material in woven undergarments, the function of said strip being to give elasticity to the garment at the point of insertion. This patent was acquired in 1883 by Jeremiah A. Scriven, a manufacturer of drawers. In 1885 Scriven formed a partnership under the firm name of J. A. Scriven & Company, which firm commenced the manufacture of drawers under the Brown patent, marking and advertising their output as "Patented June 28, 1881." This firm, in 1891, was displaced by the appellant corporation, which continued to manufacture and mark drawers as before until the patent expired in 1898.

The Examiner of Interferences and the Commissioner, in turn, sustained the opposition to the registration of appellant's alleged mark on the ground that the application of the buff strip to the garment during its manufacture was purely functional, and not intended for, and not a proper subject of, trademark. Both tribunals of the Patent Office found that the granting of appellant's application would result in restricting the use of buff knitted material, which is a common article of commerce and the best material for the purpose to which it has been applied by appellant; in other words, that to register this mark would prolong, to a measurable degree at least, the monopoly enjoyed under the Brown patent.

In *J. A. Scriven Co.* v. *Morris,* 154 Fed. 914, the right of appellant to this alleged mark was in issue, and the conclusion of the court was adverse to appellant. The court said: "The complainant is now seeking to have the court rule that, although, by the expiration of the patent, the use of the strip of insertion is free to all, the defendants are to be enjoined from using it because they use it of the same color as the complainant and the patentee did when they were operating under the patent. To so decide would be in many cases to extend indefinitely the monopoly of the patent." On appeal to the court of appeals for the fourth circuit, the judgment of the trial court was affirmed. 86 C. C. A. 571, 158 Fed. 1020.

The same question was passed upon at the September term, 1908, of the court of appeals for the eighth circuit, in *Ferguson-McKinney Dry Goods Co.* v. *J. A. Scriven Co.* 165 Fed. 655, and the same conclusion reached in a carefully considered and exhaustive opinion.

In view of the above decisions, in which we fully concur, we do not deem it necessary to discuss the propositions advanced by appellant in this appeal. *Brill* v. *Washington R. & Electric Co.* 30 App. D. C. 255.

We conclude that the decision of the Commissioner in refusing appellant's application for registration was founded in reason and sustained by authority.

The decision of the Commissioner of Patents is affirmed, and the clerk of this court will certify this opinion and the proceedings in this court to the Commissioner of Patents, as required by law.                                         *Affirmed.*